IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YASSIN HAYTHAME MOHAMAD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 09-943 |
| | ) | U.S. Magistrate Judge Francis X. Caiazza |
| BARRY SMITH, (Lieutenent) [sic] in his | ) | |
| own Capacity; STEPHEN BEST, | ) | |
| (Correctional Officer 1) in his own Capacity; | ) | |
| ROBERT DICK, (Correctional Officer 1) in | ) | |
| his own capacity; THOMAS BOGARDUS, | ) | |
| (Sargeant)[sic] in his own capacity, | ) | |
| | ) | |
| Defendants | ) | Re ECF No. 9. |

MEMORANDUM OPINION AND ORDER

Yassin Haythame Mohamad ("Plaintiff"), also known as Jermaine Brute, is currently incarcerated at SCI-Graterford. Plaintiff, proceeding pro se, has filed a civil rights complaint, ECF No. 3, against four corrections officers, all of whom worked at SCI-Forest, where Plaintiff was previously incarcerated. He alleged that the Defendants engaged in excessive force when they tried to remove his Kufi (a Muslim head-covering) in order to take his picture. He alleged that their actions violated his rights under the First, Eighth and Fourteenth Amendments as well as under the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

The Defendants, all represented by the Attorney General's office, filed a Motion to Dismiss under Fed.R.Civ.P. 12(b)(1) and 12(b)(6), ECF No. 9, and a brief in support. ECF. No. 10. The Defendants pointed out, in their motion, that Plaintiff had previously filed on June 6, 2008, a nearly identical suit in the Forest County Court of Common Pleas at No. 83 of 2008

(hereinafter "the state court complaint"). The Defendants moved to dismiss the current lawsuit, which was not filed until July 20,2009, on the basis that this court should abstain, given the ongoing state court proceedings, or that this court should dismiss this suit as repetitive and therefore malicious or frivolous. ECF No. 10 at 3 to 7. All parties have consented to have a Magistrate Judge exercise plenary jurisdiction, including the entry of final judgment. ECF Nos. 5 & 11. Due to the untimely passing of Chief Magistrate Judge Hay, this case was reassigned to me.

Plaintiff responded that a jail house lawyer, who was housed at SCI-Forest, along with Plaintiff, had helped Plaintiff draft and file the state court complaint but that since the initiation of that suit, both the jail house lawyer and Plaintiff have been moved to different prisons and that Plaintiff is unfamiliar with state court practice. ECF Nos. 17 & 18. Plaintiff further represented that because he has access to materials that can help him to litigate in federal court but not state court, he wishes to litigate this case and not the state court complaint. Id. To this end, Plaintiff represents that in June 2009, Plaintiff sent two letters to the Forest County Court of Common Pleas, seeking to voluntarily withdraw his state court complaint. ECF No. 17-1 at 2 to 3. Plaintiff also represents that on May 20, 2010, he filed with the Forest County Court of Common Please a pro se motion to discontinue the case. ECF Nos. 20-2 & 20-3. A call to the Forest County Court of Common Pleas Prothonotary confirms that the state court complaint was discontinued as of May 27, 2010.

Thus, the factual basis for abstention is no longer viable. See, e.g., Superior Diving Co. Inc. v. Cortigene, 372 F.App'x 496, 498 (5th Cir. 2010)("we need not make a determination as to the applicability of the *Colorado River* [*Water Conservation Div. v. U.S.*, 424 U.S. 800 (1976)]

doctrine in the instant case as the parties announced to the Court at oral argument that the state law proceedings were not decided on the merits and are no longer pending in state court. Thus, no rationale for abstention exists, and we remand these claims for further proceedings."); Bass v. Butler, 258 F.3d 176, 179 (3d Cir. 2001) (stating that *Colorado River* abstention "provides for federal deference to ongoing, not completed, parallel state proceedings").

While it is true that duplicative cases can be found to constitute frivolous and/or malicious litigation under 28 U.S.C. 1915,[1] in light of Plaintiff's explanation of what happened and his withdrawal of the state court complaint, we cannot conclude that the filing of the present federal civil rights suit in this Court amounted to frivolous or malicious litigation.

Hence, for the foregoing reasons, the Defendants' Motion to Dismiss, ECF No. 9, is hereby **DENIED**.

/s Francis X. Caiazza
Francis X. Caiazza
U.S. Magistrate Judge

Date: November 8, 2010

cc: Yassin Haythame Mohamad
CU-0143
SCI Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112

Counsel of Record Via CM-ECF

---

[1] See, e.g., Banks v. County of Allegheny, 568 F.Supp.2d 579, 589-90 (W.D. Pa. 2008).