IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YASSIN HAYTHAME MOHAMAD,<br>Plaintiff<br><br>vs.<br><br>BARRY SMITH, (Lieutenent) in his own Capacity; STEPHEN BEST, (Correctional Officer) in his own Capacity; ROBERT DICK, (Correctional Officer 1) in his own capacity; THOMAS BOGARDUS, (Sargeant) in his own capacity,<br>Defendants | ) <br> ) <br> ) <br> ) Civil Action No. 09-943 <br> ) U.S. Magistrate Judge Francis X. Caiazza <br> ) <br> ) [ECF 40] <br> ) <br> ) <br> ) <br> ) <br> ) |

MEMORANDUM OPINION AND ORDER

Presently before this Court is the Plaintiff's Motion [ECF No. 40] Requesting Reconsideration of this Court's Order [ECF No. 36] denying his Motion for Appointment of Counsel [ECF 35]. The pending Motion requires the Court to determine whether, under the facts and circumstances of this case, the Court should exercise its discretion pursuant to 28 U.S.C. § 1915(e) (1) to request an attorney to represent plaintiff in the prosecution of this action.

The Plaintiff, currently an inmate at the State Correctional Institution at Graterford, has presented a civil rights complaint, which he has been granted leave to prosecute without prepayment of costs, against four corrections officers at SCI-Forest, where he was previously incarcerated. In his Complaint, Plaintiff alleges that the Defendants engaged in excessive force when they tried to remove his Kufi (a Muslim head-covering) in order to take his picture. Based on these events, the Plaintiff contends that the Defendants' actions violated his rights under the First, Eighth, and Fourteenth Amendments, and under the Religious Land Use and

1

Institutionalized Persons Act.

In considering a motion for the appointment of counsel, the Court must determine whether to request counsel to represent Mohamad under the provisions of 28 U.S.C. § 1915(e)(1), recognizing that if the action ends in Mohamad's favor, counsel may be entitled to recover fees under the provisions of 42 U.S.C. § 1988. Section 1915(e)(1) gives the Court broad discretion to determine, on a case-by-case basis, whether appointment of counsel is warranted. Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

As a threshold matter, the Court considers whether the claims made have arguable merit in fact or law. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). See Tabron v. Grace, 6 F.3d at 155. If the Court finds that they do, it then considers the following factors:

1. the plaintiff's ability to present his or her own case;

2. the complexity of the legal issues;

3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

4. the amount the case is likely to turn on credibility determinations;

5. whether the case will require the testimony of expert witnesses; and

6. whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, supra. "The list of factors is not exhaustive, but instead should serve as a guidepost for the district courts. Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id. at 458.

After careful consideration of the Plaintiff's allegations, the Court finds that appointment of counsel is not warranted. Initially, it does not appear with any degree of certainty that the Plaintiff has set out a factual basis for his claims which demonstrates that he will ultimately prevail on the merits. Nevertheless, in considering factors one and two – the litigant's ability to present his case and the difficulty of the legal issues involved – it is clear that the issues presented in the Complaint are neither difficult nor complex, and nothing in the record indicates that Plaintiff is incapable of presenting his case. Similarly, the third consideration – the degree to which factual investigation will be necessary and the Plaintiff's ability to conduct this investigation – does not weigh in favor of appointment of counsel, since minimal factual investigation appears to be necessary.

Further, while the credibility of witnesses will be at issue, it does not appear that the case will become a "swearing contest," nor does it appear that the matter requires the testimony of expert witnesses. Indeed, the only factor weighing in the Plaintiff's favor is that he is unable to afford counsel, as evidenced by his having requested and been granted *in forma pauperis* status. This factor alone, however, does not entitle the Plaintiff to appointed counsel, and is to be considered only when the other factors weigh in a plaintiff's favor.

The Court, of course, does not disagree that the Plaintiff would benefit from the appointment of counsel. Rather, it appears that the appointment of counsel will not materially aid justice to a degree that warrants exercise of the Court's discretion. Thus, until such time as a showing is made that the interests of justice require the exercise of that discretion, the Court declines to do so. See Lassiter v. Dept. Social Services, 452 U.S. 18 (1981).

AND NOW, for the reasons set out above, the Plaintiff's Motion for Reconsideration

[ECF No. 40] of the Order Denying the Appointment of Counsel [ECF No. 36] is hereby

DENIED.

                                        /s/ *Francis X. Caiazza*
                                        United States Magistrate Judge

Date: May 6, 2011

cc: Yassin Haythame Mohamad
     CU-0143
     SCI Graterford
     P.O. Box 244
     Graterford, PA 19426

     Counsel of Record Via CM-ECF